EVERETT C. LINK *v.* SOUTHEASTERN GREYHOUND LINES.

*(Nashville,* December Term, 1954.)

Opinion filed May 6, 1955.

THOS. O. H. SMITH, of Nashville, for plaintiff.

K. HARLAN DODSON, JR., of Nashville, for defendant.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

Everett C. Link filed his petition for workmen's compensation and brought suit against Southeastern Greyhound Lines, and the summons was served upon A. G. Gibson as the District Manager. This suit was filed just two days before the one-year period from the date of injury had expired, that is, the injury occurred June 30, 1951, and the suit was filed on June 28, 1952.

The defendant filed a plea in abatement stating that there is no such corporation as Southeastern Greyhound Lines and that there was no such corporation on or about June 30, 1951, the date of the alleged injuries.

Plaintiff filed a replication stating that the plea is insufficient in that it does not give the name of the firm or corporation of which A. G. Gibson is the manager and further that it will be shown that the defendant is and has been operating as Southeastern Greyhound Lines.

When the fact was developed that there was no legal entity by the name of Southeastern Greyhound Lines the

petitioner was allowed to amend the declaration and bring in the Greyhound Corporation, which in turn filed a plea in abatement on the ground that the suit is not filed within the time allowed by law because this amendment was after the lapse of the one-year period from the date of injury.

On the hearing of the motion to dispose of the plea in abatement, the testimony of A. G. Gibson was taken which disclosed the following facts:

That he is the Division Manager of the Greyhound Corporation. There is not, and was not after December 31, 1950, any such corporation as Southeastern Greyhound Lines, although prior to that date there was such a Kentucky corporation, but that the Greyhound Corporation purchased all of its stock and dissolved the corporation on said date in 1950. The Greyhound Corporation is a foreign corporation authorized to do business in Tennessee, and has designated an agent for the service of process: It operates bus lines throughout the United States, including the bus franchises formerly operated by the Southeastern Greyhound Lines.

It further appears that "Southeastern Greyhound Lines" was used as the name of an operating division of the Greyhound Corporation after it had been dissolved as a corporation, but it was not a legal entity of any kind. There is exhibited a letter dated December 26, 1952, on the stationery of Southeastern Greyhound Lines written by A. G. Gibson as Division Manager, to the plaintiff, E. C. Link, but this letterhead was used simply to consume the remaining supply of Southeastern Greyhound Lines letterheads, but obviously Mr. Link was an employee of Greyhound Corporation.

The Trial Court held that the amendment would not be

related back to the date of the filing of the petition and, therefore, the petitioner's suit was dismissed.

The plaintiff has appealed and by proper assignments of error has raised the question as to whether or not this amendment by which Greyhound Corporation was made a party relates back to the original date of the filing of the petition.

Appellant relies upon the following cases: *Whittaker* v. *Monterey Spoke Co.*, 6 Tenn. Civ. App. 26; *Nashville, C. & St. L. Railroad Co.* v. *Foster*, 78 Tenn. 351; *East Tennessee, V. & G. Railway Co.* v. *Mahoney*, 89 Tenn. 311, 15 S. W. 652; *Kennard* v. *Illinois Cent. R. Co.*, 177 Tenn. 311, 148 S. W. (2d) 1017, 134 A. L. R. 770.

The defendant, appellee, relies upon *Macklin* v. *Dunn*, 130 Tenn. 342, 170 S. W. 588; *Niehaus* v. *C. B. Barker Construction Co.*, 135 Tenn. 382, 186 S. W. 461; *Gardner* v. *Quinn*, 154 Tenn. 167, 289 S. W. 513.

It is our opinion that none of these cases are analogous on the facts and that the most that can be said of them is that they state the general rule to the effect that amendments may be allowed to bring in new parties or to state a new cause of action, and if allowed, the amendment may relate back to the date of the filing of the original suit, but that this doctrine of relation is a fiction and will not be applied so as to deprive the opposite party substantive rights or defenses such as the statute of limitations or any other right that has already accrued.

We are of opinion, however, that the amendment did not bring in a new party. It seems perfectly clear that Link intended to sue ''Greyhound Corporation,'' because (1) at the time of injury and at the time of filing the suit there was no corporation or other legal entity by the name of Southeastern Greyhound Lines, (2) he was employed by Greyhound Corporation, (3) process was served on the

Manager of Greyhound Corporation, and (4) Southeastern Lines was simply a name for an operating division of Greyhound Corporation.

The amendment, therefore, was really only a correction of a misnomer and was not a substitution of a new party defendant. 8 A. L. R. (2d) 161, Section 80.

Numerous cases from several jurisdictions are cited in support of this principle.

The rule is, and should be, that where the plaintiff intends to sue A but states A's name incorrectly to the extent he ostensibly sues B, but service is had upon A, or upon a proper agent of A, then it simply amounts to a misnomer which can be corrected without having the effect of bringing in a new party. On the other hand, if the intention was to sue B and there was no intention to sue A until after the statute of limitations had run, A when sued, is a new party and may rely on the statute of limitations.

In *Love* v. *Southern Ry. Co.*, 108 Tenn. 104, 65 S. W. 475, 476, 55 L. R. A. 471, where the controlling principles are stated, it is said in part:

"The general principle is that when the amendment does not set up a new cause of action, or bring in new parties, the running of the statute is arrested at the date of the filing of the original pleading. 1 Enc. Pl. & Prac. p. 621."

Accordingly, the judgment of the lower Court is reversed and the cause remanded for further proceedings in accordance herewith. Appellee will pay the costs of the appeal.