OPAL LOUISE PLUNKETT, Administratrix of the Estate of Roger Allen Plunkett, v. WILLIAM BRYANT TICE.—399 S.W.(2d) 328.

Middle Section, at Nashville. July 30, 1965.

Certiorari Denied by Supreme Court November 1, 1965.

256

Morrow & Harvey, Nashville, for plaintiff in error.

William F. Howard and John T. Conners, Jr., of Boult, Hunt, Cummings & Conners, Nashville, for defendant in error.

SHRIVER, J. This is a suit for damages for the death of a four year old child, Roger Allan Plunkett, who was killed when run over by an automobile belonging to and being operated by the defendant William Bryant Tice. Opal Louise Plunkett, the mother of the deceased child, qualified as administratrix of his estate and brought this suit as such administratrix.

The case came on for trial in the First Circuit Court of Davidson County before a jury on the 19th of October 1962 and at the consclusion of all the proof the trial Judge directed a verdict in favor of the defendant.

On the prior appeal in error to this Court we held that the evidence raised a question which should have been submitted to the jury, hence, reversed and remanded for a new trial.

The case came on for a second trial in the First Circuit Court of Davidson County on July 27, 1964 and resulted in a jury verdict in favor of the defendant.

From this latter verdict and judgment the plaintiff, after her motion for a new trial was overruled, appealed in error to this Court and has assigned errors.

The proof shows that on September 3, 1961 between 1:30 and 2 o'clock P.M. the child, Roger Allan Plunkett, who was then about four years of age, was proceeding in a Northerly direction on the West margin of Columbia Avenue in Franklin, Tennessee toward a store where he and his brother, who had crossed to the other side of the street, were going to buy a cold drink.

The defendant, William Bryant Tice, was driving his automobile Southwardly on Columbia Avenue when the child, Roger Allen Plunkett, started across the street and was struck and killed by defendant's automobile.

Plaintiff's house was some two block distant from the store to which the two children were going and which was on the opposite side of Columbia Avenue. In front of plaintiff's house there was a traffic light on Columbia Avenue, it being heavily travelled U. S. Highway 31, and plaintiff was aware that this traffic light was the only

one between her house and the store to which the children were going. It is shown that on some occasions the plaintiff had assisted her children across the street at this traffic light and she knew that on other occasions her children crossed the street at other places than at the traffic light. On this occasion when the children left her house to go to the store she observed that they did not cross at the traffic light but proceeded toward the store which was on the other side of the street. However, plaintiff did not see the accident.

Sam Gatlin called as plaintiff's witness, stated that he saw the child walking along the West side of Columbia Avenue before the accident and also saw the defendant driving his car on his right side of Columbia Avenue proceeding Southwardly at a "pretty slow rate". Traffic was almost bumper to bumper. He said the deceased was running down the sidewalk looking back over his shoulder as he talked to his brother across the street and, all of sudden, darted out into the street. He also said that the child never did look toward the car that struck him before he ran into the street.

The defendant in his discovery deposition said he was looking straight ahead at the time of the accident but did not see the deceased until after he hit him. He said he was watching traffic and was on his way from Nashville to Columbia to visit his parents. His wife and two children were in the car with him. It was Labor Day and traffic was heavy. He stated he had his headlights on because the Department of Safety had so advised and was travelling some 20 to 25 miles an hour when he heard his wife scream and he heard a noise like a bump, whereupon, he stopped his car and found the little boy lying on the sidewalk just South of a telephone pole.

There was a small dent above the right front headlight of defendant's car and no other damage to it. He testified that Columbia Avenue was 35 feet wide with no curb or gutter and the telephone poles were out in the street next to the sidewalk. He was in the middle of his right lane following traffic some two car lengths behind the car in front of him when the accident occurred.

The deposition of Scott Jordan was read. He had witnessed the accident from the store porch. He stated that he saw the child running North on the West sidewalk and said; ''Just about the time the car got even with the kid, he just dashed right into the car''. He stated that defendant's car went about a car length before stopping and that there were two cars ahead of defendant who was going 15 or 20 miles an hour.

Mrs. Bettie Ann Tice testified that she was in the right front seat of her husband's car at the time of the accident; that the traffic was heavy and that her husband had his headlights on. They were driving 20 or 25 miles and hour when she saw the child beside a telephone pole on the West side of the street. She stated, ''He turned once and right into the side of the car, * * * by the time I saw him and opened my mouth to say 'Watch that child' and before I could say it he hit him. It happened just in an instant, quicker than I could tell it, ten time faster''. She further testified that the boy was three, four or five feet from the car when she first saw him.

## Assignments of Error

There are nine assignments of error.

Assignment No. 1 is that there was no material evidence to support the verdict because the evidence shows that the proximate cause of the accident and death of

the minor child was the negligence of the defendant and there was no material evidence to show that plaintiff was guilty of contributory negligence.

Assignment No. 2 as to the preponderance of the evidence is not available here as has been held in numerous cases in this State.

Assignments 3, 4 and 5 complain of the refusal of the trial Judge to charge special requests offered by counsel for plaintiff.

Assignment 6, complains of the refusal of the trial Court to allow the introduction of a sequence of photographs taken at the scene of the accident, while assignments 7, 8 and 9 complain of certain parts of the Judge's charge to the jury.

The first assignment presents perhaps the most serious question for our consideration here, since it is argued very forcefully by counsel for the plaintiff below that the defendant, by his own testimony, failed to see the child before the accident, whereas, his wife, sitting beside him, did see the child and, since the defendant also admitted that there was nothing to obstruct his view or prevent him from seeing the child, it is argued that he was necessarily guilty of proximate negligence in the death of the child.

As we have held many times, where a jury verdict has been approved by the trial Judge, the Appellate Courts take as true the strongest legitimate view of the evidence in favor of the successful party and discard all countervailing evidence. Tallent v. Fox, 24 Tenn.App. 96, 141 S.W.(2) 485 and numerous cases.

Also, it should be remembered that it was proper for the jury to consider the negligence, if any, of the plain-

tiff herself, mother of this four year old child, in permitting him to go two blocks to a store on the other side of the street and taking no precautions when she saw that he did not cross at the signal light and, therefore, knew that he must cross the street at some other point where there was no signal light.

But, for another reason we must overrule this assignment. We think this question has been settled by the previous decision of this Court.

■ When the cause was reversed and remanded for a new trial this Court held as follows:

"We think it was for the jury to say whether the defendant, Mr. Tice, was negligent in not seeing the child running down the street some distance South of the point of impact; how far from the point of impact he was when he should have first seen the child; and how far from the boy when he left the sidewalk.

We are of the further opinion the question of the contributory negligence of plaintiff is a jury question. Mrs. Plunkett testified she was not feeling well on the occassion due to her pregnancy and for that reason did not accompany the children to the store; that these children had been to this store on several occasions with other children; and that on this occasion there were other children with them." Plunkett v. Tice, Court of Appeals, Middle Section, filed June 28, 1963.

The foregoing being the law of the case, we are now bound by it. Therefore, assignment No. 1, is overruled.

As hereinabove stated, assignment No. 2, is not available in this Court.

Assignments 3, 4 and 5 complain of the trial Judge's failure to charge certain special requests.

■ Since these special requests are not included in the Bill of Exceptions we are unable to consider them. While it is true that the requests alleged to have been submitted to the Court are included in the motion for a new trial which is set out in the technical record, this does not meet the requirements. Under our rules they should have been identified over the signature of the trial Judge in the Bill of Exceptions in order for us to consider them. See Sweeney v. Carter, 24 Tenn.App. 6, 137 S.W.(2d) 892; Owen Inc. v. Bost, 51 Tenn.App. 79, 364 S.W.(2d) 499.

Assignment 6, is that the trial Judge erroneously refused to allow the introduction of a sequence of photographs of the scene of the accident which were made some time after the accident occurred and which, under the testimony introduced, did not accurately represent the situation as is existed at the time of the accident.

■■ As was held by this Court in Strickland Transport Co. v. Douglas, 37 Tenn.App. 421, 264 S.W.(2d) 233 and Monday v. Millsaps, 37 Tenn.App. 371, 264 S.W.(2d) 6, the admissibility of photographs is a matter to be determined by the trial Judge in the exercise of his sound discretion, and, unless a picture fairly represents the scene at the time of the accident, it is not admissible.

We overrule this assignment.

■ Assignments 7, 8 and 9 complain of parts of the trial Court's charge as being erroneous, confusing and prejudicial to plaintiff's case. We think the trial Court's charge to the jury was full and reasonably adequate and we find no reversible error in it. Further, it should be

observed that if there is some technical error therein it has not been affirmatively shown that such error was prejudicial to plaintiff. 27-116 T.C.A. and cases.

It results that all assignments are overruled and the judgment of the trial Court is affirmed.

Affirmed.

Humphreys and Puryear, JJ., concur.