GILBERT C. McCLEARY d/b/a McCLEARY COACH LINES, Plaintiff-in-Error, v. EMMA HILL MORGAN, GWENDOLYN THOMAS, GILLIE McFARLAND, RICHARD BRADLEY, PEARL JACKSON, MAGGIE SNORTON, LESSYE GULLATTE, DOHN C. REYNOLDS, b/n/f LESSYE GULLATTE, and G. M. & O. RAILROAD, Defendants-in-Error —449 S.W.2d 440

Western Section. August 19, 1968.

Certiorari Denied by Supreme Court January 20, 1969.

Pierce Winningham, Jr., Jackson, for plaintiff in error.

Theodore Lockyear and Russell G. Lloyd, Evansville, Ind., G. Griffin Boyte and Warmath & Boyte, Humboldt,

Sydney W. Spragins and Spragins, Menzies & Rainey, Jackson, for defendants in error.

CARNEY, J. The eight plaintiffs below were all passengers on a bus owned and operated by the defendant, Gilbert C. McCleary d/b/a McCleary Coach Lines. The bus had been chartered by the plaintiffs and other passengers for a special trip from Evansville, Indiana, to Jackson, Tennessee, and return. The bus collided with an automobile owned and driven by one Roosevelt Gray, an employee of G. M. & O. Railroad. The accident happened on February 6, 1965, on the Christmasville Road in Madison County near the city limits of Jackson, Tennessee. The accident happened near but not on any railroad crossing and no train of the G. M. & O. Railroad was involved. It was the contention of the plaintiffs that the Railroad was liable for the negligence of its employee, Roosevelt Gray, because he was driving his automobile in the scope of his employment at the time of the collision. Neither Charles Huff, the driver of the bus of the McCleary Coach Lines, nor Roosevelt Gray, the driver of the automobile, were made parties defendant.

There were jury verdicts against the defendant, Gilbert C. McCleary d/b/a McCleary Coach Lines, in favor of the eight plaintiffs as follows: Emma Hill Morgan $20,000.00; Gwendolyn Thomas $250.00; Gillie McFarland $350.00; Richard Bradley $400.00; Pearl Jackson $800.00; Maggie Snorton $1,500.00; Lessye Gullatte $1,300.00; Dohn C. Reynolds by next friend Lessye Gullatte $200.00. The jury exonerated the defendant, G. M. & O. Railroad, from liability. None of the plaintiffs filed a motion for new trial to the jury verdicts in favor of G. M. & O.

The defendant, Gilbert C. McCleary d/b/a McCleary Coach Lines, has perfected appeals in error from all eight

judgments. As to the suits by Emma Morgan, Lessye Gullatte and Dohn C. Reynolds b/n/f Lessye Gullatte, McCleary contends that the statute of limitations had run and that the Trial Judge erroneously allowed the three plaintiffs to amend their summons and declaration so as to make the defendant, Gilbert C. McCleary d/b/a McCleary Coach Lines a party defendant. The suits were originally sued out against McLeary Coach Lines, Inc. as defendant. There is no corporation in existence by the name of McLeary Coach Lines, Inc. McCleary Coach Lines is a sole proprietorship.

As to all eight cases the defendant McCleary insists that there was no evidence to support the verdicts of the jury against defendant McCleary alone and that the Trial Court erred in refusing to give in charge to the jury defendant's special request No. 2 with reference to the liability of the defendant G. M. & O. Railroad.

Assignments of error I, II, and III relate to the alleged illegality of the amendment to the summons in the three cases of Morgan, Gullatte, and Reynolds. Plaintiff Emma Hill Morgan filed her summons and declaration on February 3, 1966. Lessye Gullatte, individually and as next friend of Dohn C. Reynolds, filed her summons in each case on February 7, 1966. The other five plaintiffs filed their summonses on February 5, 1966. The accident out of which the suits arose occurred on February 6, 1965. February 6, 1966, was on Sunday and therefore, the statutory limit of one year did not expire until February 7, 1966. Thus it appears that all eight of the summonses were filed within the one year period.

The summons in the case of Emma Hill Morgan and in the two Gullatte cases named "McLeary Coach Lines,

Inc. of Evansville, Indiana'' as a party defendant. Joe C. Carr, Secretary of State of Tennessee, mailed a certified copy of the summons by registered mail to ''McLeary Coach Lines, Inc.'' at 414 South Fares Avenue, Evansville, Indiana, on February 7, 1966. He received a return receipt dated February 10, 1966, in the name of ''McCleary'' by Charles Huff as agent. Process also issued against G. M. & O. Railroad as co-defendant. On February 3, 1966, Emma Hill Morgan also filed her declaration against McLeary Coach Lines, Inc. and G. M. & O. Railroad.

On March 9, 1966, Gilbert C. McCleary filed the following plea in abatement:

| | |
|---|---|
| ''EMMA HILL MORGAN vs. McLEARY COACH LINES, INC. et al | IN THE CIRCUIT COURT OF MADISON COUNTY, TENNESSEE R.D. No. 2993 |

### PLEA IN ABATEMENT

Comes now Gilbert C. McCleary by and through his attorney of record and appears specially only for the purpose of stating to the Court that there is in existence no corporation or legal entity by the name of McLeary Coach Lines, Inc., which is named as a Defendant in the Summons and Declaration filed in this case, nor is there any corporation or legal entity by the name of McCleary Coach Lines, Inc., nor has there ever been any such corporation or legal entity at any time pertinent or material to this action.

WHEREFORE the Summons and Declaration filed in this case should be abated and dismissed.

/s/ Pierce Winningham, Jr.

Pierce Winningham, Jr. Attorney **for** Gilbert C. McCleary

Pierce Winningham, Jr., the attorney for Gilbert C. McCleary makes oath that the above Plea is true in substance and in fact.

/s/ Pierce Winningham, Jr.

Sworn to and subscribed before me, this 9th day of March, 1966.

/s/ Iva Arnold

Notary Public"

To the plea in abatement Emma Hill Morgan filed the following demurrer:

| "EMMA HILL MORGAN VS. McLEARY COACH LINES, INC. et al | IN THE CIRCUIT COURT OF MADISON COUNTY, TENNESSEE R.D. No. 2993 |
|---|---|

### DEMURRER TO PLEA IN ABATEMENT

Comes the plaintiff, Emma Hill Morgan, and demurs to the Plea in Abatement filed by the defendant, McLeary Coach Lines, Inc., in this cause and assigns the following grounds therefor:

1. That the Plea in Abatement does not state sufficient facts to abate the suit and only stating that there is no legal entity by the name of McLeary Coach Lines,

Inc., and not averring sufficient facts to allow the plaintiff to file her replication to said Plea.

2. Said Plea is sworn to by Pierce Winningham, Jr., Attorney for Gilbert C. McCleary, who is not named in the Summons or Declaration filed in this cause and his relation to the cause is not set out in said Plea in Abatement.

3. Said Plea in Abatement does not aver facts sufficient for an adjudication as to whether there is a misnomer appearing in the Summons and the Declaration which could be corrected by an amendment to plaintiff's Declaration.

Now, having demurred to the Plea in Abatement, plaintiff moves that the Plea in Abatement be stricken, and that the defendant be required to further plea to the Declaration in this cause.

WARMATH AND BOYTE
By: /s/ G. Griffin Boyte
Attorneys for Plaintiff"

On July 28, 1966, the Circuit Judge entered an order sustaining the demurrer to the plea in abatement and concluding with the following order:

"It is, therefore, ordered that the Demurrer to the Plea in Abatement be and is hereby sustained, and the defendant, McLeary Coach Lines, Inc. is allowed thirty (30) days in which to further plead.

To which action of the Court the defendant, McLeary Coach Lines, Inc. excepts."

On August 22, 1966, Gilbert C. McCleary filed the following pleas:

## "PLEAS OF GILBERT C. McCLEARY

Comes now Gilbert C. McCleary, d/b/a McCleary Coach Lines, and for Pleas to the Declaration filed in this case against McLeary Coach Lines, Inc. says:

### I.

He expressly relies upon the grounds of the Plea in Abatement heretofore interposed by him to the Declaration filed in this cause on the grounds and for the reasons set forth therein, to which Plea in Abatement a Demurrer interposed by the Plaintiff was sustained by the Court.

### II.

There has been no service of process upon Gilbert C. McCleary or upon any of his agents, actual or legal, so that he is not subject to the jurisdiction of this Court.

### III.

He is not guilty of the matters and things alleged in the Declaration filed in this case against McLeary Coach Lines, Inc.

### IV.

The alleged damages and injuries complained of by the Plaintiff in her Declaration filed in this case were directly and proximately caused by the negligence of the Defendant, Gulf, Mobile & Ohio Railroad Company and its employee and agent, Roosevelt Gray.

/s/ Pierce Winningham, Jr.

Attorney for Gilbert C. McCleary d/b/a McCleary Coach Lines"

On October 18, 1966, the plaintiff Emma Hill Morgan, after the filing of the plea by Gilbert C. McCleary, filed a motion to amend the summons so as to substitute for

586

"McLeary Coach Lines, Inc." the following named defendant: "Gilbert C. McCleary, d/b/a, McCleary Coach Lines." Also the plaintiff moved to strike her declaration and to file an amended and substitute declaration which was attached to the motion. On February 10, 1967, the Honorable Andrew T. Taylor entered the following order approving the motion to amend:

| "EMMA HILL MORGAN VS. GILBERT C. McCLEARY d/b/a McCLEARY COACH LINES et al | ENTERED FEBRUARY 10, 1967 MINUTE BK NO. 15, PAGE 500 IN THE CIRCUIT COURT OF MADISON COUNTY, TENNESSEE NO. 2993 |
|---|---|

## ORDER APPROVING MOTION TO AMEND

In this cause came the Plaintiff by her attorney of record, and moved the Court to be allowed to amend her Summons by striking out 'McLeary Coach Lines, Inc.' wherever it appears in said Summons, and inserting by interlineation in lieu thereof, 'Gilbert C. McCleary d/b/a McCleary Coach Lines' and to be allowed to file an amended and substitute Declaration which was attached to the Motion to Amend, and it appearing to the Court that the amendment of the Summons does not bring in a new party in the cause, but merely corrects a misnomer, and that the defendant, Gilbert C. McCleary d/b/a McCleary Coach Lines, is not prejudiced by the amendment and said amendments should be allowed.

It is, therefore, ordered that the Summons issued in this cause be and is hereby amended by striking from said Summons 'McLeary Coach Lines, Inc.' wherever it appears in said Summons and substituting in lieu thereof 'Gilbert C. McCleary d/b/a McCleary Coach Lines.'

Be it further ordered that the plaintiff be and is hereby allowed to file her amended and substitute Declaration to be read in this cause in lieu of the original Declaration filed.

To which action of the Court the defendant, Gilbert C. McCleary d/b/a McCleary Coach Lines, excepted.

/s/ ANDREW T. TAYLOR

Judge

Approved for entry:

WARMATH AND BOYTE
By: /s/ G. Griffin Boyte
Attorneys for Plaintiff

/s/ Pierce Winningham, Jr.
Pierce Winningham, Jr., Attorney
for Defendant, Gilbert C. McCleary
d/b/a McCleary Coach Lines

SPRAGINS, MENZIES & SPRAGINS
By: /s/ Sidney W. Spragins
Attorneys for Defendant,
GM&O Railroad Company''

On February 13, 1967, the defendant, Gilbert C. McCleary, d/b/a McCleary Coach Lines, filed an additional plea of the statute of limitations to the amendment of the summons and declaration which had been allowed by the

Trial Judge. In the other two Gullatte cases there were no declarations filed accompanying the summonses. The summonses named "McLeary Bus Lines, Inc." as party defendant and service of process was had by Joe C. Carr, Secretary of State, in the same manner as in the Emma Hill Morgan case. Subsequently, the Trial Judge allowed amendments of the summonses just as permitted in the Morgan case so as to make Gilbert C. McCleary d/b/a McCleary Coach Lines party defendant.

Thus it is the contention of the plaintiff-in-error Mc-Cleary that there was no legal entity in existence known as McLeary Bus Lines, Inc. at the time of the attempted service of process by Joe C. Carr, Secretary of State; that the statute of limitations of one year expired before the motion to amend the summons making Gilbert C. McCleary d/b/a McCleary Coach Lines a party defendant was granted by the court; and that the plea in abatement by McCleary should have been sustained. Plaintiff-in-error McCleary contends that where relief is sought by amendment against a new party defendant such new party may successfully interpose a plea of the statute of limitations when it is sought to bring him in after the bar of the statute; and that it is only where the addition of a new party merely corrects a defect in the original proceeding that the amendment relates back to the institution of the suit; and that if the proposed amendment changes the original cause of action or introduces a new cause of action it should be denied, citing Mellon v. American Flour and Grain Co., 9 Tenn.App. 383; Mosier v. Lucas, 30 Tenn.App. 498, 207 S.W.2d 1021; Abdallah v. Weil, 168 Tenn. 382, 79 S.W.2d 284.

Defendant cites 8 A.L.R.2d, Section 81, page 166, as authority for the general statement that where it is at-

tempted to substitute an individual for a corporation originally sued it is the general rule that the amendment does not relate back to the original process and a plea of the statute of limitations is good; that where an action is brought against a defendant which is non-existent, substitution after the expiration of the limitation period of a defendant in existence does not relate back to the commencement of the action, citing Haram v. Kranz, 330 Ill.App. 620, 71 N.E.2d 804; Leatherman v. Times Co., 10 Ky. 896, 11 S.W. 12; Haney v. Thomson, 339 Mo. 505, 98 S.W.2d 639.

Apparently a majority of the states adhere to the rule insisted upon by the plaintiff-in-error McCleary. However, it is our opinion that the Tennessee courts have clearly announced a contrary rule. In Link v. Southeastern Greyhound Lines, (1955), 198 Tenn. 262, 279 S.W.2d 259, suit was brought by Link against Southeastern Greyhound Lines; summons was served upon H. G. Gibson as the district manager. The suit was brought two days before the one year period of limitation expired. The defendant filed a plea in abatement stating that there was no such corporation as Southeastern Greyhound Lines. Plaintiff Link filed a replication contending that the plea in abatement was insufficient in that it did not give the name of the firm or corporation of which H. G. Gibson was the manager and stating that it would be shown that the defendant had been operating as Southeastern Greyhound Lines. Later petitioner was permitted to amend the declaration so as to show that the true owner and operator of Southeastern Greyhound Lines was the Greyhound Corporation. The Greyhound Corporation then filed a plea in abatement on the ground that the suit was barred by the one year statute of limitations. The Trial

Judge refused to relate the amendment to the date of filing the petition and therefore dismissed plaintiff's suit. Upon appeal, the Tennessee Supreme Court, by Justice Swepston, reversed the action of the Trial Judge and from his opinion we quote as follows:

"It is our opinion that none of these cases are analogous on the facts and that the most that can be said of them is that they state the general rule to the effect that amendments may be allowed to bring in new parties or to state a new cause of action, and if allowed, the amendment may relate back to the date of the filing of the original suit, but that this doctrine of relation is a fiction and will not be applied so as to deprive the opposite party substantive rights or defenses such as the statute of limitations or any other right that has already accrued.

We are of opinion, however, that the amendment did not bring in a new party. It seems perfectly clear that Link intended to sue 'Greyhound Corporation,' because (1) at the time of injury and at the time of filing the suit there was no corporation or other legal entity by the name of Southeastern Greyhound Lines, (2) he was employed by Greyhound Corporation, (3) process was served on the Manager of Greyhound Corporation, and (4) Southeastern Lines was simply a name for an operating division of Greyhound Corporation.

The amendment, therefore, was really only a correction of a misnomer and was not a substitution of a new party defendant. 8 A.L.R.2d 161, section 80.

Numerous cases from several jurisdictions are cited in support of this principle.

The rule is, and should be, that where the plaintiff intends to sue A but states A's name incorrectly to the extent he ostensibly sues B, but service is had upon A, or upon a proper agent of A, then it simply amounts to a misnomer which can be corrected without having the effect of bringing in a new party. On the other hand, if the intention was to sue B and there was no intention to sue A until after the statute of limitation had run, A when sued, is a new party and may rely on the statute of limitations.

In Love v. Southern Ry. Co., 108 Tenn. 104, 65 S.W. 475, 476, 55 L.R.A. 471, where the controlling principles are stated, it is said in part:

'The general principle is that when the amendment does not set up a new cause of action, or bring in new parties, the running of the statute is arrested at the date of the filing of the original pleading. 1 Enc.Pl. & Prac. p. 621.'

Accordingly, the judgment of the lower Court is reversed and the cause remanded for further proceedings in accordance herewith. Appellee will pay the costs of the appeal.''

At first blush it might appear that the case of Abdallah v. Weil, (1935), 168 Tenn. 382, 79 S.W.2d 284, relied upon by the plaintiff-in-error, McCleary, is contrary to the Link case. There is language in the Abdallah opinion to support the contention of the plaintiff-in-error, McCleary. However, a study of the Abdallah opinion reveals that the proposed amendment to the summons did not actually make any change in the party defendant and did not make the corporation a party defendant. The original summons issued July 1, 1932, ran against ''Ju-

lius B. Weil, President and General Manager, doing business as the Coca-Cola Bottling Works." The proposed amendment recited as follows: "Comes the plaintiff and moves the court to be allowed to amend his summons and declaration to show that Coca-Cola Bottling Works is a corporation with Julius B. Weil as President." Justice Cook in his opinion stated that the effect of the amendment was only to describe Mr. Weil as president of the Coca Cola Bottling Works, a corporation, and would not make the corporation a party defendant or authorize process to issue for it. Therefore, we hold that the Abdallah v. Weil case is not in conflict with the subsequent decision of Link v. Southeastern Greyhound Lines. If it were, of course, the Link case, being a later case, would prevail.

In the case at bar the defendant McCleary knew that his company had been sued for injuries arising out of the collision of his bus with the car driven by Roosevelt Gray. He forwarded the information of the suit to his attorney, Mr. Winningham. We see no legal prejudice to the defendant McCleary from the amendment and we hold that His Honor the Trial Judge correctly allowed the amendment to the summons in all three of the cases. Therefore, assignments of error I, II, and III are respectfully overruled.

It is admitted that there was material evidence before the jury to support a finding of negligence on the part of the driver of the defendant's bus. No question is made as to the excessiveness of the judgments.

By assignment of error No. VI plaintiff-in-error insists that His Honor the Trial Judge erred in refusing

to give special request No. 2 in charge to the jury which we quote as follows:

"The Court erred in its failure and refusal to give the charge to the jury embodied in this Defendant's Special Request No. 2, which was in words and figures as follows, to-wit:

'At the time and place of the accident involved in these cases Roosevelt Gray was acting as the employee and servant of the Defendant, Gulf, Mobile & Ohio Railroad and was acting within the scope of his employment, so that the Defendant Railroad is chargeable with any negligence of which you may find the said Roosevelt Gray guilty and so as to render the Defendant Railroad responsible for any damages and injuries which were directly and proximately caused by the negligence of the said Roosevelt Gray in the operation of his automobile at the time and place of the accident. This is true in each of the nine cases to be decided by you.'

This was prejudicial error for the following reasons:

(1) There was no conflict or contradiction in the evidence as to the relationship which existed between Roosevelt Gray, the driver of the automobile which collided with the bus of this Defendant, and his employer, the Defendant Railroad.

(2) Such uncontradicted evidence was so clear and cogent to the effect that Gray was a regular employee of the Railroad acting within the scope of his employment on a mission for his employer at the time and place of the accident that there was no question on this issue for the jury to pass upon, and the issue should

not have been submitted to the jury, but the charge requested by this Defendant, or a charge substantially the same, given by the Court to the jury.

(3) The uncontradicted evidence on the issue established that the Railroad was responsible as a matter of law for any proximate negligence which caused or contributed to the accident involved in these cases of which the said Gray was found guilty.

(4) The jury first determined in its deliberations that both Gray and the driver of this Defendant were guilty of negligence which directly and proximately caused the collision, and only subsequently, in keeping with the Court's instruction to decide such issue, reached the conclusion that said Gray was not acting on a mission for the Railroad, or within the scope of his employment, so as to render the Railroad responsible for such negligence as the jury found Gray to be guilty. As a result, the Railroad was not held liable to the Plaintiffs and the entire burden of responsibility was placed upon this Defendant. Had the Court given this Defendant's Special Request No. 2, as it was obliged to do under a proper construction of the law, the verdict of the jury clearly would have been rendered against both defendants rather than against this Defendant only.''

Objection was made by the defendants-in-error that this court could not consider assignment of error No. VI because defendant's special request No. 2 was not contained in the bill of exceptions. The special request is copied in the motion for a new trial but solicitor for plaintiff-in-error McCleary concedes that prior decisions of this court and of the Supreme Court have held that the

motion for a new trial is only a pleading and inclusion of the special request only in the motion does not make it part of the bill of exceptions. Koehn, et al. v. Hooper, 193 Tenn. 417, 246 S.W.2d 68; Gordon's Transports, Inc. v. Bailey, 41 Tenn.App. 365, 294 S.W.2d 313; and Plunkett v. Tice, 55 Tenn.App. 255, 399 S.W.2d 328.

■ The solicitor for plaintiff-in-error contends that the contents of special request No. 2 are shown in the bill of exceptions at page 997. At this point of the trial the defendant's attorney is arguing the motion for a new trial and reads or quotes the full contents of special request No. 2. This statement was made as argument in support of the motion for new trial and as a predicate for the introduction of evidence in support of the motion for new trial. Three jurors were introduced to prove that the jury found Roosevelt Gray guilty of negligence in driving his automobile but failed to find liability on the part of the railroad because of the refusal of the Trial Judge to charge special request No. 2. After hearing the testimony of the jurors, the Trial Judge overruled the motion for new trial. However, the Trial Judge did not expressly affirm or deny that special request No. 2 had been offered by the defendant or that it was in the express and precise words as quoted by Mr. Winningham. We hold that the bill of exceptions does not affirmatively show that special request No. 2 was submitted and refused by the Trial Court and assignment of error No. VI is overruled.

As an alternative and anticipating that this court would so hold, Mr. Winningham, solicitor for Mr. McCleary, has filed a motion to amend assignments of error by adding an additional assignment designated as assignment of error VI(a) which is as follows.

"The Court erred in its failure to charge the jury that as a matter of law the Defendant, Gulf, Mobile and Ohio Railroad Co., was chargeable with and legally responsible for any negligence of which the jury may find the driver, Roosevelt Gray, guilty so as to render the Defendant railroad responsible for any damages and injuries which were directly and proximately caused by the negligence of the said Roosevelt Gray in the operation of its automobile at the time and place of the accident.

This was prejudicial error for the same reasons as are assigned in support of Assignment of error VI.''

The circumstances antecedent to the collision and involving the Railroad are as follows.

February 6, 1965, the date of the collision, was a Saturday. Roosevelt Gray was in the general employ of the G. M. & O. Railroad as a section hand with 24 years service. He was not at work on this day. A fire was reported on the Railroad property in the vicinity of the scene of the accident. Mr. Preston Moore, a foreman for G. M. & O., called Gray by telephone and requested that Gray report to the scene of the fire and assist in putting it out. Gray expected to be paid for his services on this occasion and the foreman told him to come in his own car but to pick up a fellow employee and bring with him. The fellow employee was not at home.

Gray proceeded in his own automobile to the vicinity of the fire. Moore had preceded Gray to the scene of the fire; the fire was stamped out and the foreman Moore and possibly other employees of the Railroad left before Gray arrived on the scene. Gray saw a blackened area along the right of way which indicated to him that the

fire was of recent origin and had been stamped out. After satisfying himself that no further emergency existed, he had started his return trip home when his car collided with the McCleary Bus. The route he followed was the shortest way home and the one which he had followed in looking for the fire.

Normally a call such as Gray received from the foreman called for work after regular working hours for which Gray received time and a half pay with a minimum of $2\frac{2}{3}$ hours. His pay dated from the time he reported to the foreman for work. In the case at bar Gray never reported to his foreman because the fire had been stamped out and the foreman had left before Gray arrived on the scene. Gray was never paid by the Railroad for this particular trip.

Though there was some dispute about the following facts, it is the contention of the Railroad that Gray was not obligated under his general employment to respond to the foreman's call requesting assistance during the after-hours and that Gray was not entitled to any reimbursement for mileage in transporting himself to the scene of the fire; that he was under no responsibility to the Railroad to follow any particular route to the scene of the fire nor to follow any particular route on his trip home. He was carrying no equipment in his automobile to be used for fighting the fire for the benefit of the Railroad.

At the conclusion of all the proof the defendant G. M. & O. Railroad moved for a directed verdict which was overruled by His Honor the Trial Judge. Since the jury found in favor of the defendant G. M. & O. Railroad, the Railroad did not appeal from the refusal of the Trial

Judge to direct a verdict in its favor. We have already stated that the plaintiffs did not appeal from the verdict and judgment in favor of the Railroad. It becomes unnecessary for us to determine in this case whether His Honor the Trial Judge correctly overruled the Railroad's motion for a directed verdict. Frankly, this member of the court has grave doubts as to the correctness of his ruling. At any rate, we hold that His Honor the Trial Judge quite properly refused to charge the jury that as a matter of law the defendant G. M. & O. Railroad was chargeable with and legally responsible for the alleged negligence of Roosevelt Gray resulting in the injuries to the plaintiffs. Hence, assignment of error VI(a) is overruled.

Assignments of error IV, V, and VII are all predicated on the assumption that the defendant McCleary is entitled to contribution from the G. M. & O. Railroad as a joint tort feasor. We are cited to no case which holds that plaintiffs who have recovered judgments against one tort feasor can be compelled to submit to a new trial because another alleged joint tort feasor was exonerated by the jury even if such exoneration was clearly erroneous. Since we have held that the Trial Judge properly refused to charge the jury that the Railroad was responsible for the negligent acts, if any, of the driver, Roosevelt Gray, it becomes unnecessary and improper for us to consider the right of contribution, if any, which McCleary might have against G. M. & O. Railroad if the proximate negligence of Gray were determined by a subsequent jury. Therefore, we will not discuss the authorities cited by plaintiff-in-error relating to contribution among negligent joint tort feasors as discussed in Davis v. Broad Street Garage, 191 Tenn. 320, 232 S.W.2d 355;

Huggins v. Adams, 6 Cir., 337 F.2d 486; Yellow Cab Co. of Nashville v. Pewitt, 44 Tenn.App. 572, 316 SW.2d 17; Prosser on Torts, Section 46, p. 249; 7 Vanderbilt Law Review 941; 9 Vanderbilt Law Review 69; 16 Vanderbilt Law Review 860.

All the assignments of error are respectfully overruled. The judgments of the lower court will be affirmed with interest. The costs in the court below and in this court are taxed against the plaintiff-in-error, Gilbert C. McCleary d/b/a McCleary Coach Lines and his surety.

Avery, P.J.(W.S.), and Bejach, J., concur.