Brian Adrian PACK, etc., et
al., Plaintiffs,

v.

Joe PROFFITT et al., Defendants.

No. CIV-2-76-112.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Sept. 22, 1976.

W. E. Bowman, Jr., Greeneville, Tenn., for plaintiffs.

Ben W. Hooper, II, and Roy T. Campbell, Jr., Newport, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The causes of action are alleged herein to have accrued on August 15, 1975. This action was commenced on August 16, 1976. The Court notices judicially that the latter date was not a Sunday and was not a legal holiday within the meaning of Rule 6(a), Federal Rules of Civil Procedure.

There is no federal statute limiting civil rights actions, and therefore the applicable statute of Tennessee controls. *Ellenburg v. Shepherd,* D.C.Tenn. (1966), 304 F.Supp. 1059, 1061[2], affirmed C.A. 6th (1968), 406 F.2d 1331, certiorari denied (1969), 393 U.S. 1087, 89 S.Ct. 878, 21 L.Ed.2d 781. The applicable statute of limitation of Tennessee which controls an action in this state for damages for violation of federal civil rights is T.C.A. § 28–304, which limits such right to one year after the cause of action accrued. *Phipps v. Armour,* D.C.Tenn. (1971), 335 F.Supp. 768, 770[4], fn. 1. " * * * In computing any period of time prescribed or allowed by * * * any applicable statute, the day of the * * * event or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is * * * a Sunday * * *, in which event the period runs until the end of the next day which is not * * * a Sunday, or a legal holiday. * * * " Rule 6(a), *supra*.

■ Thus, the plaintiffs' action was commenced within one year after their causes of action accrued, and the motion of the individual defendants for a dismissal for the failure of the plaintiffs to state a claim on which relief can be granted hereby is.

OVERRULED.

■ The defendant municipality moved for a dismissal of this action as to it. Such motion has merit, *Deane Hill Country Club, Inc. v. City of Knoxville*, C.A. 6th (1967), 379 F.2d 321, 323–324[2], certiorari denied (1967), 389 U.S. 975, 88 S.Ct. 476, 19 L.Ed.2d 467, and, as to the defendant Town of Newport, Tennessee, this action hereby is

DISMISSED.