Teresa W. BAGWELL, Individually and as Administratrix of the Estate of James Tip Wade, Plaintiff,

v.

CITY OF ATLANTA; George Napper, Public Safety Commissioner of the City of Atlanta; and J.D. Hudson, Director of the Bureau of Correction Services of the City of Atlanta, Defendants.

Civ. A. No. C83–2420A.

United States District Court, N.D. Georgia, Atlanta Division.

Oct. 24, 1985.

Thomas M. West, Atlanta, Ga., for plaintiff.

Marva Brooks, Joe Harris, Alford J. Dempsey, Jr., Atlanta, Ga., for defendants.

## ORDER

SHOOB, District Judge.

Pursuant to Fed.R.Civ.P. 15(c), plaintiff Teresa Bagwell has moved to substitute as defendant Lee P. Brown ("Brown") in place of George Napper ("Napper"). For the reasons stated below, plaintiff's motion is denied.

Plaintiff's complaint alleges that, under 42 U.S.C. § 1983 and state law, defendants are liable for the death of her decedent, James Tip Wade ("Wade"). According to the complaint, while incarcerated in the Atlanta City Jail on March 12, 1981, Wade was severely beaten by another inmate and as a result died in December 1982. On November 3, 1983, plaintiff filed this action. By order dated March 11, 1985, the Court granted plaintiff leave to file an amended complaint. In paragraph six of both complaints, plaintiff alleged that Napper was "at all times relevant herein" the Public Safety Commissioner for the City of Atlanta. Further, both complaints alleged that Napper was responsible for developing and implementing the policies and procedures controlling the Atlanta City Jail. In reality, however, Brown rather than Napper was the Commissioner of Public Safety during the relevant period.

Plaintiff apparently discovered her error on July 2, 1985, based on defendants' answers to interrogatories. Through the instant motion, which was filed on July 13, 1985, plaintiff seeks to substitute Brown as a defendant in his individual and official capacity. The parties agree that, unless plaintiff's proposed amendment is allowed to relate back to the date of the original complaint under Rule 15(c), her claim against Brown will be barred by the applicable statute of limitations.

District courts have a fair amount of discretion in deciding whether to allow an amendment substituting parties to relate back to the date the original complaint was filed. *See Cooper v. United States Postal Service*, 740 F.2d 714, 715 (9th Cir. 1984), *cert. denied*, —— U.S. ——, 105 S.Ct. 2034, 85 L.Ed.2d 316 (1985). The exercise of that discretion is guided by Rule 15(c), which provides that an amendment changing parties can relate back only if the following requirements are satisfied: (1) the claim or defense asserted arose out of the conduct, transaction, or occurrence set forth in the original pleading; (2) the party to be added by the amendment had actual or constructive knowledge of the action within the applicable statute of limitations, or a reasonable period thereafter for service of process; and (3) the party to be added knew or should have known that but for a mistake concerning his identity he would have been named in the original pleading. *Marks v. Prattco, Inc.*, 607 F.2d 1153, 1156 (5th Cir.1980); *Kirk v. Cronvich*, 629 F.2d 404, 406–407 (5th Cir.1980).

In the instant case, there is no dispute that the amendment involves the same events. Nor is there any question that, if Brown had knowledge of the action, he would have known that he should have been named as defendant rather than Napper. Thus, the dispositive factor is the notice requirement.

As the Fifth Circuit explained in *Kirk*, it is not necessary that the moving party demonstrate that the party to be added had actual notice of the original pleading—constructive notice can suffice under the proper circumstances.

Since the effect of Rule 15(c) is to avoid the impact of the statute of limitations, the sufficiency of the notice must be evaluated in light of the policy objectives of the statute of limitations, i.e., to avoid undue surprise, to permit investigation and collect evidence while it is fresh and other considerations.

629 F.2d at 408. Courts have found sufficient constructive notice where the party to be added was employed by a state or municipal department at the time the complaint was served upon that department or its employees. *Id.; see also Florence v. Krasucki,* 533 F.Supp. 1047 (W.D.N.Y. 1982); *Mitchell v. Hendricks,* 68 F.R.D. 564 (E.D.Pa.1975); *Ames v. Vavreck,* 356 F.Supp. 931 (D.Minn.1973). In each of these cases, the court found it significant that the added defendant was represented by the same attorney as the original defendants. As Judge Sofaer stated in *Morrison v. Lefevre,* 592 F.Supp. 1052, 1057, (S.D.N.Y.1984), "[w]hen a group of state officials are represented by the same lawyers ... a court is entitled to find that the new defendants received constructive notice that satisfied Rule 15(c)."

On the other hand, there is nothing in the case law to indicate that a court is required to so find. Indeed, in most of the cases cited above, factors beyond joint representation militated in favor of a finding of constructive notice. In *Morrison,* for example, Judge Sofaer noted that the defendants' efforts to conceal their actions and identities justified allowing plaintiffs' amendment to relate back. In *Mitchell,* plaintiff in a prisoner's § 1983 action incorrectly named the current superintendent of the prison as defendant; the court held that under Rule 15(c) the amendment substituting the superintendent during the relevant period could relate back. The *Mitchell* court indicated that its decision was, in large part, based on the fact that the added defendant was still the superintendent and was present at the time the complaint was served. *See also Kirk,* 629 F.2d 407–408.

■ Since there is no indication that Brown knew or should have known of plaintiff's complaint, the Court concludes that the theory of constructive notice would be stretched beyond its logical limits if applied in the instant case. As noted above, this action was filed on November 3, 1983. But on March 15, 1982 Brown re-

signed as Commissioner of Public Safety to become the Chief of Police for the City of Houston. Although it appears that Brown would be defended by the City's attorneys, under the facts of this case joint representation alone should not, in the Court's view, give rise to a finding of sufficient constructive notice. Accordingly, the Court will not allow the proposed amendment to relate back.

■ Several factors support the Court's conclusion. First, there is no evidence that defendants misled or confused plaintiff. *Compare Montalvo v. Tower Life Building,* 426 F.2d 1135 (5th Cir.1970); *Morrison,* 592 F.Supp. at 1058. The identity of the Commissioner of Public Safety is a matter of public record and plaintiff's counsel must be held to a minimum level of competence in determining the proper parties. *See Montalvo,* 426 F.2d at 1147; *Bruce v. Smith,* 581 F.Supp. 902, 906 (W.D. Va.1984). Second, the Court finds that Brown would be prejudiced by being added as a defendant in his individual capacity at this late juncture. The underlying events occurred over four years ago. Surely, Brown's recollection of these events has faded by now. In addition, discovery in this action has long been complete. Thus, Brown would either have to rely on the discovery garnered by the other defendants or devote the time and expense required to personally involve himself in reopening discovery. Finally, it is worth noting that plaintiff has been represented by counsel throughout the course of this action and thus is not entitled to the consideration accorded *pro se* parties. Simply stated, because the error here seems to be the product of plaintiff's negligence rather than defendants' deception and because Brown would likely be prejudiced in maintaining a defense on the merits, the Court concludes that it would be improper to allow the proposed amendment naming Brown in his individual capacity to relate back under Rule 15(c).[1]

---

1. The Court notes that it sees no reason to bar plaintiff from prosecuting a claim against the

Commissioner of Public Safety in his official capacity, although neither party has addressed

In sum, for the reasons stated above, plaintiff's motion to amend the complaint under Rule 15(c) is DENIED.

this issue. However, since Napper was the Commissioner at the time the complaint was filed, no amendment would seem to be necessary in this respect.