Juan H. SANCHEZ, Timothy Bennett,
Filemon Rodriguez and Manuel
Fabian, Plaintiffs,

v.

Jack MORRISON and Jose L. Cruz,
Peter Morrison, Morrison Orchards
and Morrison, Inc., Defendants.

No. G86–369.

United States District Court,
W.D. Michigan.

Aug. 28, 1987.

Pedro Ferrer-Colon, Richard G. Kessler, Grand Rapids, Mich., Nilda Caceres, Wyoming, Mich., Philip R. Riley, Mark W. Farmer, Berrien Springs, Mich., for plaintiffs.

Richard J. Zerafa, Elk Rapids, Mich., for defendants.

## OPINION

ENSLEN, District Judge.

On July 9, 1987 the Court issued an oral bench opinion in which it granted in part

and denied in part defendants' motions for summary judgment. Plaintiffs' counsel has requested the Court to issue the opinion in writing and to have it published. The following written opinion accordingly is intended solely to memorialize the Court's July 9th bench opinion and in no way affects the validity of the Court's July 20, 1987 Order.

This case is before the Court for decision on motions for summary judgment that have been filed by defendants Peter Morrison, Morrison Orchards, and Morrison, Inc. The plaintiffs are four migrant farmworkers who, in their amended complaint, allege that defendants have violated various provisions of the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§ 1801–1872, and the Fair Labor Standards Act, 29 U.S.C. §§ 210–219. I note here that I am missing page four (4) of the amended complaint. Although I did not need that page to decide the pending motions, plaintiffs should supply it as soon as possible.

Defendants raise a number of grounds in support of their motions for summary judgment. First, all three defendants argue that plaintiffs' claims under the AWPA are barred by the statute of limitations. Secondly, they similarly argue that plaintiffs' claims under the FLSA are also barred by the statute of limitations. Third, defendant Peter Morrison argues that under rule 17(b) of the Federal Rules of Civil Procedure and Michigan law he does not have the capacity to be sued with respect to plaintiffs' claims. Finally, defendant Morrison, Inc. argues that it is not subject to suit under the AWPA because it is not an "agricultural employer" within the meaning of that Act. Plaintiffs oppose defendants' motions. I observe that since defendants have filed their motions under rule 56 of the Federal Rules of Civil Procedure, I cannot grant them unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issues as to any material fact and that the moving party is entitled to a judgment as a matter of law." FRCP 56(c); *see Watkins v. Northwestern Ohio Tractor Pullers Association,* 630 F.2d 1155, 1158 (6th Cir. 1980).

I will first discuss the AWPA statute of limitations issue. The last alleged violations of this statute by defendants occurred in early November, 1983. Plaintiffs filed their first complaint in this matter on May 28, 1987 against Jack Morrison and Jose L. Cruz. Mr. Cruz is still a defendant, but has not joined in the other defendants' motions for summary judgment. In November 1986 plaintiffs discovered that they should not have named Jack Morrison as a defendant, but rather should have named the present defendants, Peter Morrison, Morrison Orchards, and Morrison, Inc. Jack Morrison and the present defendants apparently operate, or are otherwise involved in, two separate apple orchards that are approximately one and one-half miles apart. On December 19, 1986 the present Morrison defendants received letters from plaintiffs' counsel informing them that they would be sued for alleged violations of the AWPA and the FLSA. On January 16, 1987 plaintiffs filed an amended complaint naming Peter Morrison, Morrison Orchards, and Morrison, Inc. as defendants, and dropping Jack Morrison as a defendant. Defendants claim that they are entitled to a judgment in their favor because plaintiffs' AWPA claims are subject to a three-year statute of limitations, and plaintiffs' amended complaint does not relate back under rule 15(c) to the date plaintiffs filed their original complaint, which was within the three-year statute of limitations period.

The AWPA provides that "[a]ny person aggrieved by a violation of this chapter or any regulation under this chapter by a farm labor contractor, agricultural employer, agricultural association, or other person may file suit in any district court of the United States having jurisdiction of the parties. . . . 29 U.S.C. § 1854(a). The Act further provides for the recovery of actual and/or statutory damages. *Id.* § 1854(c). It does not, however, contain a statute of limitations period. The Court therefore must examine state law to determine if an appropriate statute of limitations exists

that can be applied in this situation. *Rivera v. Anaya*, 726 F.2d 564, 567 (9th Cir. 1984).

Defendants argue that the Court should apply a three-year statute of limitations. They note that Michigan law provides three-year statutes for injury to a person or property, M.C.L. § 600.5805(8), and for commencing actions for violations of the state minimum wage law. M.C.L. § 408.-393. In addition, defendants argue that a three-year statute is appropriate because under the AWPA they are required to preserve records concerning migrant workers for three years. 29 U.S.C. § 1821(d). Plaintiffs argue that the Court should apply a six-year statute of limitations, which is the period under Michigan law within which a person may bring suit on a breach of contract claim. M.C.L. § 600.5807(8).

There is little case law in this area. Based on what is available, and on the purpose of the AWPA, however, the Court concludes that it should apply a six-year statute of limitations to plaintiffs' AWPA claim. As plaintiffs argue, the AWPA is contractually oriented. It is designed to regulate labor contracts between migrant workers and farm labor contractors and agricultural employers. Although the Act also contains provisions concerning migrant housing and motor vehicle safety, it is primarily concerned with policing labor contracts and protecting the contractual rights of agricultural workers. In this case in particular several of plaintiffs' AWPA claims are contractual claims. Since plaintiffs' claims in essence are based in contract, it is logical to apply the Michigan statute of limitations that covers claims "to recover damages or sums due for breach of contract." M.C.L. § 600.-5807(8); *see Martinez v. Berklekamp Farms, Inc.*, 635 F.Supp. 1191, 1195 (N.D. Ohio 1986) (suggesting that a six-year Ohio statute covering breach of contract claims could apply under the Act). The Act's three-year recordkeeping requirement favors defendants' position, but is not dispositive. The possible absence of written records after three years have passed simply will mean that the parties will have to use other sources of proof. Since plaintiffs' AWPA claims are covered by a six-year statute of limitations, their January 16, 1987 amended complaint was timely filed.

█ The next issue is whether the statute of limitations bars plaintiffs' FLSA claim. Unlike the AWPA, the FLSA does contain a statute of limitations provision, which state as follows: "[a]n action ... to enforce any cause of action for unpaid minimum wages, ... may be commenced within two years after the cause of action accrued, ... except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). For the purpose of deciding this motion, the Court will assume that defendants' alleged violation of the Act was willful. The issue thus is whether plaintiffs' January 16, 1987 amended complaint relates back to their May 28, 1986 original complaint, and thus is timely.

Rule 15(c) provides that "[a]n amendment changing the party against whom a claim is asserted relates back if the foregoing provision [concerning whether the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading] is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." FRCP 15(c). The Supreme Court recently stated that in applying rule 15(c), a court should consider four factors: "First, the basic claim must have arisen out of the conduct set forth in the original pleading. Second, the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense. Third, that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it. Fourth, the second and

third requirements must have been fulfilled within the prescribed limitations period." *Schiavone v. Fortune,* 477 U.S. 21, ——, 106 S.Ct. 2379–2385, 91 L.Ed.2d 18, 29 (1986). The first requirement is satisfied in this case. The issue is whether plaintiffs have satisfied the other three requirements.

Defendants allege in an affidavit filed by Peter Morrison that they received no notice of this action until December 19, 1986 when they received a letter from plaintiffs' counsel. Plaintiffs set forth four reasons why the Court should reject this affidavit and hold that defendants had the requisite actual or implied notice. First, defendants' counsel has been representing defendant Cruz since May 1986, when the original complaint was filed, and thus had notice of the action within the limitations period. Second, defendants' counsel knew that plaintiffs had sued the wrong employer. Third, defendants and former defendant Jack Morrison apparently are related and live near each other. Finally, defendants should not be able to hide behind the confusion they caused by failing to comply with the requirements of the AWPA. The Court finds that it must reject these arguments and dismiss plaintiffs' FLSA claim against the three Morrison defendants.

First, as I noted in the *Ramirez v. Webb* opinion on which plaintiffs rely, representation by the same attorney probably is not sufficient by itself to satisfy rule 15(c)'s notice requirement. That the *Ramirez* defendants were represented by the same counsel was just one of the factors that I relied on in denying their motion for summary judgment. Absent other factors tying the old defendants and the new defendants together, I do not believe notice can be imputed simply because the same attorney represents both sets of defendants. *Compare Berndt v. State of Tennessee,* 796 F.2d 879, 884 (6th Cir.1986) (notice may be imputed where defendants work for a state agency); *Kirk v. Cronvich,* 629 F.2d 404, 407–08 (5th Cir.1980) (notice imputed where former defendant was deputy sheriff and new defendant was sheriff); *Bagwell v. City of Atlanta,* 109 F.R.D. 290, 292 (N.D. Ga.1985) (noting that in the imputed notice

cases, the defendants were employed by the same state or municipal agency as well as represented by the same attorney). To do so would stretch the imputed notice doctrine beyond its logical limits. There is no reason to suppose an attorney will make an effort to notify some person, with whom he may have had no previous association, that he may be sued, unless there is some special relationship between the old and new defendants. In this case, I can find no such relationship. I decline to impute the required notice to the new defendants simply because they may be related to and live close to the former defendant, Jack Morrison. Absent other evidence, I must accept Peter Morrison's sworn statement that he had "no knowledge or notice of this litigation until [he] received a letter from Plaintiffs' counsel, dated December 19, 1986." Affidavit of Peter C. Morrison, Jr. ¶ 2.D. I appreciate the difficulty migrant workers face in determining whom to sue in a case such as this. There is no evidence, however, as there was in the *Ramirez* case, that defendants have refused to engage in discovery and otherwise have obstructed plaintiffs' discovery efforts.

For the above reasons, the Court will grant defendants' motion for summary judgment, on statute of limitations grounds, with respect to plaintiffs' FLSA claim, except to the extent that such claim applies to defendant Jose L. Cruz.

■ The third issue before the Court is defendant Peter Morrison's claim that he is not subject to suit. Mr. Morrison apparently is being sued in this action because he is a co-partner of Morrison Orchards. Pursuant to rule 17(b), the Court must look to Michigan law to determine Mr. Morrison's capacity to be sued as a co-partner. FRCP 17(b). Michigan law provides that "[a] partnership ... having a distinguishing name may sue or be sued in its partnership or association name, or in the names of any of its members designated as such or both." M.C.L. § 600.2051(2). Defendant argues that plaintiffs' amended complaint is improper because it does not designate him as a partner in the heading. The Court agrees with plaintiffs that defend-

ant's argument is without merit. In their amended complaint, plaintiffs state that "Morrison Orchards is the common name of the business owned and run by Peter Morrison." Amended Complaint ¶ 10. Plaintiffs' mistake, if any, lay in not specifically identifying Peter Morrison as a partner in the heading of their amended complaint. I will give them thirty days to file an amended complaint to cure that minor error.

■ The final issue is whether defendant Morrison, Inc. is subject to suit under the AWPA as an agricultural employer. The Act defines an agricultural employer as "any person who owns or operates a farm, ranch, processing establishment, cannery, gin, packing shed, or nursery who produces or conditions seeds, and who either recruits, solicits, hires, employs, furnishes, or transports any migrant or seasonal agricultural worker." 29 U.S.C. § 1802(2). Defendant Peter Morrison has filed an affidavit in his capacity as President of Morrison, Inc. in which he states that Morrison, Inc. is a trucking concern that only hauls cargo and is not involved in any agriculture related activities. In opposition to defendant's motion, plaintiffs point to defendant's articles of incorporation, which state that defendant was formed to "plant, cultivate and market all kinds of fruits, vegetables and produce and to buy, store and sell all kinds of fruits, vegetables and produce; to own, operate, run and manage canning plant for the purpose of canning, packing and preserving vegetables, fruits and produce, foods of all kinds and their by-products; to own, lease and operate farm lands; to furnish and supply farmers and orchard growers with fertilizers and other farm supplies; to conduct a general cold storage business and other activities in connection with the foregoing and not expressly forbidden by law." Plaintiffs' Exhibit 3.

In light of defendant Morrison's affidavit, I am tempted to grant defendant's motion. The articles of incorporation were signed in 1961, while the focus of the Act clearly is on defendant's present line of business. This case is not that old, however, and it is possible that further dis-

covery may clarify Morrison, Inc.'s present status. I therefore will deny defendant's motion without prejudice to its right to renew the motion at any time after November 1, 1987. This will give plaintiffs sufficient time to conduct discovery and to discover the true nature of defendant's current business. *See Celotex Corp. v. Catrett*, 477 U.S. 317, ——, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265, 273 (1986) (indicating that a party opposing a summary judgment motion should be given adequate time to conduct pertinent discovery).

In accordance with the above discussion, the Court will enter an order granting defendants' motions for summary judgment on plaintiffs' FLSA claim and denying their motions for summary judgment on plaintiffs' AWPA claim. I also will deny defendants' motion for sanctions under rule 11. Plaintiffs' counsel's conduct in this action clearly has been reasonable.