**Steven M. RICHMOND, Plaintiff,**

**v.**

**Raymond McELYEA and Michael Holbert, Defendants.**

**Civ. No. 3–88–327.**

United States District Court, E.D. Tennessee, N.D.

April 12, 1990.

**378**

Steven Michael Richmond, pro se.

Ron Koksal, Jim Wright, Knoxville, Tenn., for plaintiff.

Michael W. Moyers, Michael S. Ruble, Deputy Law Director, Knoxville, for defendants.

## MEMORANDUM AND ORDER

ROBERT P. MURRIAN, United States Magistrate.

This case is before the undersigned pursuant to 28 U.S.C. § 636(c) and Rule 73(b), Federal Rules of Civil Procedure, for all further proceedings, including entry of judgment [*see* Doc. 19]. The defendants' supplemental motion for summary judgment and motion to dismiss are currently pending before this court [*see* Docs. 35, 41].

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by a prisoner currently incarcerated at the Southeastern Tennessee State Regional Correctional Facility but who, at all times relevant hereto, was incarcerated at the Knox County Intake Center.

Defendants, Raymond McElyea and Michael Holbert, move the court for an order dismissing this lawsuit against them [Doc. 41]. Defendants contend that this action is barred by the applicable statute of limitations, T.C.A. § 28-3-104; that plaintiff's original complaint alleges, *inter alia,* that plaintiff was assaulted on May 7, 1987, by certain unnamed officers of the Knox County Sheriff's Department; that plaintiff's complaint was filed on May 5, 1988; that the complaint was served on Knox County on May 9, 1988, two days after the expiration of the limitations period; that plaintiff attempted to amend his complaint to change the "John Doe" defendants to named officers three months (defendant McElyea) and one year and ten months (defendant Holbert) after the running of the statute of limitations; that under *Schiavone v. Fortune,* 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), plaintiff's amended complaints naming the defendants do not satisfy the requirements of Rule 15(c), Fed.R.Civ.P., such that plaintiff's amendments relate back to the filing of the original complaint; and that plaintiff's action is, thus, time barred [*see* Doc. 41A].

The plaintiff has not responded to the defendants' motion; thus, response is deemed to be waived. Local Rule 10.2, EDTN.

The Civil Rights Act of 1871 does not contain a statute of limitations governing 42 U.S.C. § 1983 actions. *See Wilson v. Garcia,* 471 U.S. 261, 266, 105 S.Ct. 1938, 1942, 85 L.Ed.2d 254 (1985). When Congress fails to establish a time limitation for a federal cause of action, a local time limitation not inconsistent with federal law or policy will be adopted. *Id.* Courts must, therefore, select a state statute of limitations governing actions most analogous to the federal cause of action at issue. *Id.* The United States Supreme Court has held that 42 U.S.C. § 1983 actions are best characterized as personal injury actions and that, therefore, the statute of limitations governing personal injury actions in the state wherein the alleged constitutional violation occurred is to govern § 1983 actions. *See Wilson v. Garcia,* 471 U.S. at 276, 105 S.Ct. at 1947. *See also Wright v. State of Tennessee,* 628 F.2d 949, 951 (6th Cir.1980); *Kessler v. Board of Regents,* 738 F.2d 751, 754 (6th Cir.1984). The statute of limitations applicable to personal injury actions in Tennessee is provided at T.C.A. § 28-3-104(a) and requires that such an action be brought within one year after the

cause of action accrues. The determination of when a cause of action accrues is governed by federal law. *See Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir.1984), *reh'g and reh'g en banc denied, id.* A § 1983 plaintiff's cause of action accrues and the statute of limitations begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Sevier, id.* at 273 (citations omitted). "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence," *id.* (citations omitted).

■ The undersigned finds that the plaintiff knew of his injury and its connection to the defendants at the time of the alleged assault despite plaintiff's lack of knowledge of the *names* of the individuals who allegedly assaulted him. *See Lavelle v. Listi*, 611 F.2d 1129, 1131, 1132 n. 8 (5th Cir.1980) (court held that the statute of limitations begins to run when the plaintiff is, or should be, aware of both the injury and its connection with the acts of defendants and noted that the plaintiff's cause of action for assault accrued at the time of the alleged assault) (relying on *United States v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979)). Accordingly, I find that the one year statute of limitations applicable to this case began to run on May 7, 1987, and expired on May 9, 1988.[1]

The defendants contend that this case is governed by *Schiavone v. Fortune, supra*, which held that as a matter of law, timely notice cannot be imputed to a subsequently named defendant when the originally named defendant did not receive notice of the filing of the complaint until after the limitations period had run. *Schiavone*, 477 U.S. at 29–30, 106 S.Ct. at 2384–85. Plaintiff filed his application to proceed *in forma pauperis* on May 2, 1988, which application was granted, and plaintiff's complaint was subsequently filed on May 5, 1988 [*see* Doc. 3]. Service was had on Knox County on May 9, 1988. Service of the original complaint was, therefore, within the limitations period and the rule of *Schiavone, supra*, does not govern this case. Thus, the question before the undersigned is whether plaintiff's amended complaints relate back to the date of the original pleading in accordance with Rule 15(c), Fed.R.Civ.P.

Rule 15(c), Fed.R.Civ.P., provides that [a]n amendment changing the party against whom a claim is asserted relates back if the [claim ... asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth ... in the original pleading] and, within the period provided by law for commencing the action against the party to be brought in by amendment that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Relation back depends upon four factors; two of which are at issue here:

     *    *    *    *    *    *

(2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense;

(3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it;

     *    *    *    *    *    *

*Schiavone*, 477 U.S. at 29, 106 S.Ct. at 2384.

There is no dispute that the defendants did not have *actual* notice of this lawsuit within "the period provided by law for commencing the action," Rule 15(c), *supra*. The United States Court of Appeals has expressed its belief, however, that Rule 15(c) does not "require that the new defendants [receive] actual notice." *Berndt v. State of Tennessee*, 796 F.2d 879, 884 (6th Cir.1986).

---

1. May 7, 1988, was a Saturday; thus, the limitations period did not expire until the following Monday. Rule 6(a), Fed.R.Civ.P.

The plaintiff in *Berndt, supra,* acting *pro se,* filed a complaint against the State of Tennessee and Lakeshore Mental Health Institute ("LMHI"), a state supported institution, alleging that certain unnamed individuals had violated his rights. In his complaint the plaintiff made repeated reference to the "staff" and "authorities" of LMHI. The district court dismissed plaintiff's complaint against the state and LMHI on Eleventh Amendment grounds. On appeal, the plaintiff contended, *inter alia,* that his complaint should not have been dismissed because, although his complaint did not name the proper defendants, he alleged that certain unnamed individuals had violated his rights. The Sixth Circuit upheld the dismissal of the State and LMHI, but further held as follows:

> The Fifth Circuit has, ... remanded a case to permit *pro se* plaintiffs to amend their complaint and change the parties-defendants to the action.
>
> .     .     .     .     .
>
> The seriousness of the claims in this case compels us to apply the rationale of the Fifth Circuit here. This court has already ruled that Berndt raised substantially cognizable claims in his complaint. It would be a miscarriage of justice to preclude this *pro se* plaintiff from seeking redress for his alleged injuries on a procedural defect, particularly when the complaint, in substance, clearly indicates that the staff and authorities of LMHI are the real parties-defendants. *Cf. Myers v. United States,* 636 F.2d 166, 169 (6th Cir.1981) (Pleadings should be construed to do substantial justice when drafted by *pro se* plaintiffs). This case is, therefore, remanded to permit Berndt to amend his complaint to change the parties defendants (footnote omitted).

*Berndt,* 796 F.2d at 882–83. The court noted that facially it appeared that Berndt would be barred by the statute of limitations from amending his complaint to add different defendants; that the problematic inquiries on remand would be whether the new defendants received timely notice of the institution of the action and whether said defendants knew or should have known that " 'but for a mistake concerning the identity of the proper party, the action would have been brought against [them].' " *Berndt,* 796 F.2d at 883. The court then held, *in dicta,* the following:

> We believe that Rule 15(c) does not require that the new defendants received actual notice (citing *Kirk v. Cronvich,* 629 F.2d 404, 407 (5th Cir.1980)). It is enough that the new defendants received constructive notice of the suit (citation omitted) ... Even more pertinent to this case, where the complaint alleges in substance that the new defendants committed the illegal acts and are officials of the original defendant, that relationship may imply receipt of sufficient notice (footnote omitted).

*Berndt,* 796 F.2d at 884. In *Northcutt v. Goble,* 1988 WL 78171, 1988 U.S. Dist. LEXIS 7736 (6th Cir.1988),[2] the plaintiffs alleged that officers of the Kentucky State Police Department wrongfully entered their home and conducted an unlawful search. The complaint named as defendants the Commissioner of the Kentucky State Police Department, the Governor of the Commonwealth of Kentucky, a state trooper, and unknown individuals. Plaintiffs subsequently filed an amended complaint substituting three named Kentucky State Police Officers for the unknown defendants. The statute of limitations expired before the amended complaint was filed. The issue presented was

> whether plaintiffs' amended complaint, which substitutes known defendants for previously listed unknown defendants may relate back to the date of filing the original complaint pursuant to F.R.Civ.P. 15(c). This question turns on whether constructive notice was present in this case and, if so, whether such notice satisfies the requirements of Rule 15(c).

*Northcutt,* 1988 WL 78171, 1988 U.S.Dist. LEXIS at 3. The court held as follows:

---

2. *Northcutt,* although unpublished, *see* 6th Cir.R. 24(b), is the only case decided since

*Berndt, supra,* which is on point.

Most important to this proceeding is the Sixth Circuit's decision in the *Berndt* case, *supra* . . . .

In the past, the Sixth Circuit has strictly interpreted Rule 15(c) to allow for the correction of misnomers only, and did not allow relation back of an amended complaint where the parties were added or substituted after the limitations period had run (citations omitted). The *Berndt* decision has apparently overruled this previous Sixth Circuit authority *sub silentio*.

The *Berndt* decision requires that the Northcutts be allowed to amend their complaint to substitute the Kentucky State Police Officers, ... as parties defendants for the unknown defendants. *Northcutt*, 1988 WL 78171, 1988 U.S.Dist. LEXIS at pp. 6–7. The court found that the added defendants had constructive notice of the action within the limitations period due to the timely notice received by the Commissioner of the State Highway Patrol. *Id.* 1988 WL 78171, 1988 U.S.Dist. LEXIS 7736 at p. 8.

When the plaintiff filed this lawsuit and his first amendment to the complaint he was acting *pro se*. Knox County was originally named as a defendant and service was made upon this defendant through Dale Workman, County Law Director [*see* Doc. 4]. All three originally named defendants were represented by Michael W. Moyers, Esq., Deputy Law Director [*see* Docs. 7 and 9]. Mr. Moyers is currently representing Messrs. McElyea and Holbert [*see* Doc. 41].

In *Kirk v. Cronvich*, 629 F.2d 404 (5th Cir.1980), cited with approval in *Berndt, supra*, the plaintiff filed suit against the Parish of Jefferson and the Jefferson Parish Sheriff's Office ("Sheriff's Office") within the limitations period. The sheriff's office was dismissed and after the statute of limitations had run, plaintiff amended her complaint to substitute Alwynn Cronvich, the sheriff, in lieu of the sheriff's office. The defendant sought dismissal on statute of limitations grounds and the district court granted defendant's motion. The United States Court of Appeals for the Fifth Circuit reversed holding that the defendant had constructive notice of the suit within the limitations period. In so holding, the court observed, *inter alia*, the following:

> Both the sheriff's office and appellee have been represented by the same attorneys and law firms throughout this litigation.
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> [T]his court and others have held that the requisite notice of an action can be imputed to a new defendant through his attorney who also represented the party or parties originally sued.

*Kirk*, 629 F.2d at 408 (citations omitted). It has been held in this circuit that "representation by the same attorney probably is not sufficient by itself to satisfy Rule 15(c)'s notice requirement." *Sanchez v. Cruz*, 667 F.Supp. 536 (W.D.Mich.1987). Thus, some further relationship between the original and added defendant is required. This relationship requirement is satisfied if the original and added defendants were both employed by the same state or municipal agency. *See, e.g., Berndt, supra; Northcutt, supra; Sanchez, supra* (citing *Bagwell v. City of Atlanta*, 109 F.R.D. 290, 292 (N.D.Ga.1985)). The undersigned finds that this relationship is satisfied by the fact that the new defendants are employees of one of the originally named defendants, Knox County, *see, e.g., Berndt*, 796 F.2d at 884. Additionally, in support of its motion to dismiss, Knox County recognized that the plaintiff was attempting to hold it responsible for the acts of unnamed personnel at the Knox County Intake Center [*see* Doc. 9A at unnumbered pp. 2–3]. Thus, when Knox County and its attorneys learned of this lawsuit, they "should have taken steps to investigate the claim, including collecting and preserving evidence against any foreseeable eventuality." *Kirk*, 629 F.2d at 408. Certainly, this investigation involved discussions with the officers on duty at the Intake Center on the night that plaintiff was arrested. Accordingly, the defendants cannot claim that they have been preju-

diced through the loss of evidence or by undue surprise. *See Kirk, id.*

Finally, for reasons indicated below, the undersigned finds that the defendants "knew or should have known, but for a mistake concerning the identity of the proper party, the action would have been brought against [them]." Rule 15(c)(2).

In a concurring opinion to the decision in *Ringrose v. Engelberg Huller Co., Inc.,* 692 F.2d 403, 411 (6th Cir.1982), the Honorable Nathaniel R. Jones, Circuit Judge, stated that "an identity of interest with an erroneously named defendant suffices to charge that a proper defendant with notice of the suit, reasonably should know that but for a mistake as to the identity of the proper defendant, the action would have been brought against it." *Id.,* (citations omitted). In *Stephens v. Balkamp, Inc.,* 70 F.R.D. 49 (E.D.Tenn.1975), the plaintiff sought, *inter alia,* to amend his complaint to change the name of a "John Doe" defendant to "James K. Karnes." The court held that such an amendment "is more than the mere correction of a misnomer *and must have complied with the second sentence of Rule 15(c), supra, id.* at 50. After finding that Mr. Karnes did not have notice of the lawsuit as required by Rule 15(c)(1), Fed.R.Civ.P., the Court denied the plaintiff's motion to amend. *Stephens,* 70 F.R.D. at 51. In *Jenkins v. Carruth,* 583 F.Supp. 613 (E.D.Tenn.1982), *aff'd without opinion,* 734 F.2d 14 (6th Cir.1984), the plaintiffs originally filed their complaint against one defendant, Mr. Voyd Carruth, and later sought to amend their complaint to add two new defendants, the county and its sheriff. Plaintiffs' motion was granted. The county and the sheriff moved to dismiss, contending that the amendment came too late and that plaintiffs' claims against them were barred by the statute of limitations. The court granted the defendants' motions after finding, *inter alia,* the following:

The second sentence of Rule 15(c), *supra,* is of no assistance to the plaintiffs. In the first place, nothing in the record suggests that either of the added defendants received notice of the institution of this action "... within the period provided by law for commencing the action against him [or it]...."
*Jenkins,* 583 F.Supp. 613.

■ It is the undersigned's opinion that a careful reading of the foregoing indicates that if the defendants to be added had sufficient notice within the limitations period as required by Rule 15(c)(1), *supra,* then they reasonably should know that but for a mistake as to the proper party, the suit would have been brought against them. *See, e.g., Northcutt, supra* (holding that *Berndt, supra,* essentially overruled prior cases strictly interpreting Rule 15(c), *supra,* to allow for the correction of misnomers only).[3] *See also Sounds Express International Limited v. American Themes and Tapes, Inc.,* 101 F.R.D. 694, 697 (S.D. N.Y.1984) (court held that Rule 15(c)(2), *supra,* "covers not only cases where a party has been misnamed or misdescribed, but also cases where there exists 'a *possibility* that the plaintiff *may have* made a mistake in selecting the original defendants'" and that when the president and majority stockholder of a corporation was at the center of the plaintiff's initial allegations, he knew or should have known that the plaintiff may have made a mistake in originally suing only the corporation (emphases in original) (citation omitted)).

■ In light of the fact that the new defendants are employees of one of the original defendants (Knox County), *see Berndt, supra;* that the attorney for the current defendants accepted service of process for Knox County; that Knox County and the current defendants are and have been represented by the same counsel; and that plaintiff's original complaint repeatedly made reference to "guards" and "officers" at the Intake Center, the undersigned finds that defendants had imputed and/or constructive notice of the pending lawsuit within the limitations period and that defendants reasonably should have known that but for a mistake regarding the proper

---

**3.** The undersigned notes that *Berndt, supra,* was not considered in *Odum v. Knox County, et al.,* Civ. 3–88–215 (E.D.Tenn.1989) [Doc. 41A, attachment thereto].

 

party, this action would have been brought against them. Rule 15(c), Fed.R.Civ.P. The undersigned further finds that this court has previously recognized that the plaintiff raised a cognizable claim in his complaint [*see* Doc. 10] and that in accord with the dicta in *Berndt, supra,* the defendants' motions for summary judgment and to dismiss should be denied.

For all the reasons stated herein, the defendants' motions for summary judgment and to dismiss are hereby DENIED.

IT IS SO ORDERED.