## CIRCUIT COURT OF LOUDOUN COUNTY

Margery Stone

v.

Estate of Steven Childress

Case No. (Law) 11411

By JUDGE JAMES H. CHAMBLIN

October 1, 1990

This case is before the Court on the defendant's Plea in Bar that the plaintiff's claim is barred by the applicable statute of limitations. For the reasons hereinafter set forth, the Plea in Bar is overruled. The plaintiff's claim is not time-barred.

On April 24, 1987, the plaintiff filed suit for damages on account of personal injuries suffered in an automobile accident on April 23, 1985. Service of process was not obtained on the defendant until November 15, 1989. The defendant filed on December 5, 1989, a motion to quash service and a plea in bar based on the applicable statute of limitations. The matter was nonsuited on June 1, 1990, before either party asked the Court to rule on the plea in bar.

After the nonsuit order was entered on June 1, 1990, the plaintiff on the same day filed the present suit. The defendant asserts that the present action is barred by the two-year statute of limitations applicable in actions for personal injuries.

Section 8.01-230 provides that a "cause of action shall be deemed to accrue and the prescribed limitation period shall begin to run from the date the injury is sustained in the case of injury to the person." Section 8.01-243(A) provides that "every action for personal

injuries . . . shall be brought within two years after the cause of action accrues." Section 1-13.3 provides as follows:

> When a statute or rule of court requires a notice to be given, or any other act to be done, a certain time before any motion or proceeding, there must be that time, exclusive of the day for such motion or proceeding, but the day on which such notice is given, or such act is done, may be counted as part of the time; *but when a statute or rule of court requires a notice to be given or any other act to be done within a certain time after any event or judgment, that time shall be allowed in addition to the day on which the event or judgment occurred.* (Emphasis mine.)

The plaintiff asserts that the emphasized language of § 1-13.3 as set forth above provides that the date of the event (the accident) is not counted as a part of the limitation period. Hence, she argues that the statute of limitations is counted from April 24, 1985, and any action filed on or before April 24, 1987, is timely filed. I agree.

Counsel have not cited, and I have not found, a Virginia case directly on point. However, in *Hurley v. Bennett*, 163 Va. 241 (1934), the Virginia Supreme Court stated:

> The last amendment adopted in 1932 to subsection 8 of section 5 of the Code (Acts 1932, ch. 31), provides that in computing time, the day on which the event or judgment occurred shall be excluded. The final decree, from which this appeal was obtained, was entered, on April 24, 1933. Hence, the six months period did not begin to run until April 25, 1933.

163 Va. at 244.

In *Buskirk v. Seiple*, 560 F. Supp. 247 (E.D. Pa. 1983), the federal district court in construing a Pennsylvania statute similar to § 1-13.3 found that the day

after the complained of conduct occurred is the first day to be considered in determining whether suit was filed within the prescribed time. The Court found that under a two-year statute of limitations, a suit filed on October 5, 1981, based on conduct occurring on October 4, 1979, was not time-barred.

The United States District Court for the Eastern District of Tennessee found that under a Tennessee statute similar to § 1-13.3, a suit filed on August 16, 1976, based on events occurring on August 15, 1976, was not barred by a one-year statute of limitations, *Pack v. Proffitt*, 463 F. Supp. 761 (E.D. Tenn. 1976). It also appears that the majority of jurisdictions do not count the day on which the event occurs in determining when the limitation period begins to run. *See* 12A Michie's Jurisprudence, *Limitation of Actions*, Section 2; 51 Am. Jur. 2d, *Limitation of Actions*, Section 59 et seq.; Annot., 20 A.L.R. 2d 1249.

I do not agree with the defendant's argument that the Court should use a 365-day period to constitute a year even if the statute of limitations begins on the day after the event. Section 8.01-243 speaks in terms of "years," which means a calendar year. If the legislature had intended for a court to use 365 days to constitute a year, then it would have specifically provided for it.

November 26, 1990

This case is before the Court on the defendant's Motion for Reconsideration and for Clarification of the Court's ruling in its opinion letter of October 1, 1990, and the plaintiff's Motion "to determine that the Motion for Judgment in the first nonsuited action between these parties was actually filed on April 23, 1987, by filing with the Clerk of Court at home . . . ." After hearing evidence as to the plaintiff's motion and the argument of counsel on both motions on November 2, 1990, the matters were taken under advisement.

After consideration of the argument of counsel and their memoranda filed herein, the defendant's Motion is denied. Therefore, there is no need for the Court to rule on the plaintiff's Motion.

I am of the opinion that but for the provisions of Section 1-13.3, the initial suit would have to have been filed on or before April 23, 1987, for it not to be time barred, i.e., it would have been filed "within two years after the cause of action accrues" as required by Section 8.01-230. "Within two years" means on or before the anniversary date two years later. Because the day of the accident (April 23, 1985) is not counted under § 1-13.3, "within two years" means suit must be filed on or before April 24, 1987, in order to be timely filed.

The initial suit was filed (according to the Clerk's stamp) on April 24, 1987; therefore, it is not time-barred. Hence, there is no need for this Court to determine under the plaintiff's Motion whether the suit was filed on April 23, 1987.