107 F.3d 396
 37 Fed.R.Serv.3d 168
 Deborah MERRIWEATHER, Individually and as Daughter and Next
of Kin of Jessie Ira Bogard, Deceased, Plaintiff-Appellant,
v.
CITY OF MEMPHIS; City of Memphis Police Department; W.W.
Herenton, Individually and in his official capacity as Mayor
of the City of Memphis, Tennessee; Walter J. Winfrey,
Individually and in his official capacity as Police Director
of the City of Memphis, Tennessee; Donna M. Locastro,
Individually and in her official capacity as a police
officer of the Memphis Police Department; Rick Butler,
Individually and in his official capacity as a police
officer of the Memphis Police Department; John Does I-X,
Individually and as officers of the Memphis Police
Department; Jane Does I-X, Individually and as officers of
the Memphis Police Department, Defendants-Appellees.
 No. 96-5340.
 United States Court of Appeals,
Sixth Circuit.
 Submitted Dec. 6, 1996.
Decided Feb. 20, 1997.
 
 James F. Schaeffer, Jr., briefed, Schaeffer, Schaeffer & Clarke, Memphis, TN, Plaintiff-Appellant.
 Michael Fletcher, briefed, May, Norfleet & Fletcher, Memphis, TN, for City of Memphis, Memphis City Police Dept., W.W. Herenton, Walter J. Winfrey.
 Debra L. Fessenden, briefed, Thomas Edwards Hansom, briefed, Law Offices of Thomas E. Hansom, Memphis, TN, for Donna M. Locastro, Rick W. Butler.
 Before: ENGEL, MERRITT, and MOORE, Circuit Judges.
 MOORE, Circuit Judge.
 
 
 1
 Plaintiff-Appellant Deborah Merriweather appeals the dismissal of her civil rights claims. The district court dismissed the complaint based on the statute of limitations, holding that the statute had run the day before the complaint was filed. For the reasons discussed below, we affirm the dismissal.
 
 I. BACKGROUND
 
 2
 Merriweather filed this civil rights action against the City of Memphis, the Memphis Police Department, and multiple Memphis city police and officials. Her claims, based on 42 U.S.C. §§ 1983, 1985, 1986, and 1988, multiple constitutional amendments, and state laws, arose from the death of her father, Jesse Bogard, who was shot and killed by two Memphis police officers. Bogard was killed on October 19, 1994. Merriweather filed her complaint on October 20, 1995. October 19, 1994 fell on a Wednesday; October 20, 1995 was a Friday. Obviously, 1995 was not a leap year.
 
 
 3
 The defendants moved to dismiss the complaint, or in the alternative for summary judgment, contending that the action was barred by the statute of limitations. The district court held that the statute had run on October 19, 1995, and dismissed the complaint.
 
 II. ANALYSIS
 
 4
 Although the district court granted the motion to dismiss for failure to state a claim upon which relief can be granted, the parties on appeal have suggested that because affidavits were submitted, the dismissal can be reviewed as a grant of summary judgment. For purposes of selecting the standard of review, the distinction is irrelevant. This court reviews a dismissal based on Fed.R.Civ.P. 12(b)(6) de novo. Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1239-40 (6th Cir.1993). A grant of summary judgment is also subject to de novo review. Shahid v. Ford Motor Co., 76 F.3d 1404, 1408 (6th Cir.1996). Because the district court based its decision on an issue of law and did not consider materials outside the amended complaint, we have done the same.
 
 
 5
 The applicable statute of limitations for all the claims is that stated in Tenn.Code Ann. § 28-3-104(a)(3) (Supp.1996), which governs personal tort actions brought under the federal civil rights statutes.[1] That section provides that covered tort actions "shall be commenced within one (1) year after the cause of action accrued." Id.; Jackson v. Richards Med. Co., 961 F.2d 575, 578 (6th Cir.1992); Doe v. Sullivan County, 956 F.2d 545, 552 (6th Cir.1992); see also Brown v. Hipshire, 553 S.W.2d 570 (Tenn.1977). The defendants argue, and the district court held, that the one-year period ended on October 19, 1995. Relying on Fed.R.Civ.P. 6(a), which governs computation of time, Merriweather contends that the period ended on October 20. Rule 6(a) requires that "[i]n computing any period of time prescribed or allowed ... by any applicable statute, the day of the ... event ... from which the designated period of time begins to run shall not be included."[2]
 
 
 6
 Rule 6(a) does govern the computation of the limitations period. See Allgood v. Elyria United Methodist Home, 904 F.2d 373, 376 (6th Cir.1990) (noting that Rule 6(a) applies to borrowed state statutes of limitations). Even if it did not, Tennessee has a similar rule. See Tenn. R. Civ. P. 6.01. Rule 6(a) does not, however, push the end of the limitation period in this case to October 20, 1995. Although October 19, 1994 is excluded from the computation, the one-year period nevertheless ends on the same calendar date the following year. See, e.g., LaRosa v. Cove Haven, Inc., 840 F.Supp. 319, 321 (M.D.Pa.1993) (excluding the day of the relevant event and holding that a two-year statute of limitations on an action that arose on August 18, 1990 ended on August 18, 1992, counting 365 and 366 days to account for a leap year); Gammons v. Domestic Loans of Winston-Salem, Inc., 423 F.Supp. 819, 822 (M.D.N.C.1976) (applying Rule 6(a) and holding that a lawsuit filed on April 15, 1976 arising from a transaction on April 16, 1975 had been filed on the 365th day of a 366-day (leap) year); McCleary v. Morgan, 60 Tenn.App. 578, 449 S.W.2d 440, 442 (1968) (holding that the period for filing suits arising from an accident on February 6, 1965 ended on February 6, 1966 (although the court allowed suits filed on February 7, 1966 only because February 6, 1966 had fallen on a Sunday)).
 
 
 7
 In Richmond v. McElyea, 130 F.R.D. 377 (E.D.Tenn.1990), the court, applying the Tennessee statute of limitations in a federal civil rights action, held that an action arising from an assault that occurred on May 7, 1987 had to be filed by or on May 7, 1988.[3] Although it did not discuss the application of Rule 6(a)'s computation method, the court did apply the rule to the statute of limitations. See 130 F.R.D. at 379 n. 1 (extending the end date to account for a weekend). Notably, the court stated that the statute of limitations "began to run" on May 7, the day of the assault.
 
 
 8
 The statement that the period "began to run" on the day of the relevant event is not inconsistent with Rule 6(a)'s exclusion of the day of the event from counting--the rule does not purport to determine when a period begins to run, but merely to aid in the counting of days. If one considers October 19, 1994 to be "0" (i.e., not included in the counting), October 20 to be "1," and so forth, the 365th day is October 19, 1995. If we view the count as beginning at midnight on the morning of October 20 and count forward 365 days, the period ends at midnight on the morning of the following October 20--requiring Merriweather to file by or at 11:59 p.m. on October 19.
 
 
 9
 Cases that do not directly support this result nevertheless support its logic. In Rust v. Quality Car Corral, Inc., 614 F.2d 1118 (6th Cir.1980), the court refused to apply Rule 6(a)[4] and included the day of the relevant event in the counting. In that case, the court held that the limitations period, which was "one year--365 days," to sue on an agreement entered on July 1, 1976 ended on June 30, 1977. 614 F.2d at 1120. The fact that the court arrived at June 30 by counting the first day as "1," unlike computation under Rule 6(a), clearly indicates that application of Rule 6(a) would have resulted in the period ending on July 1, 1977--the same calendar date as the triggering event.
 
 
 10
 Tennessee law, which applies in this case, defines a year in terms of a calendar year, rather than in terms of a number of days. Tenn.Code Ann. § 1-3-105(33) (1996) (" 'Year' means a calendar year, unless otherwise expressed ...."); but see Coleman v. Dooley, 1991 WL 3313 (Tenn.Ct.App. Jan.18, 1991) (counting days):
 
 
 11
 The one year within which the plaintiff was required to file her complaint ended at the end of the same day of the following year, i.e., August 9, 1988. A year consists of 365 days, except a leap year which has 366 days. The day of the accident here is not counted in computing the statutory period. Using this method, August 9, 1988, was 366 days from and after August 9, 1987 [when injuries were incurred], inasmuch as 1988 was a leap year.
 
 
 12
 1991 WL 3313, at * 1. Whether the period is determined by reference to a calendar year or a count of days, however, is an academic distinction; computation based on a calendar year should always yield the same result as calculation based on counting days, so long as leap years are considered. The use of a calendar year does not result in a different limitations period than a 365-day count; instead, it merely avoids the problem presented by some states' laws that rigidly define a year as 365 days, without exception. See, e.g., deParrie v. City of Portland, 1993 WL 8376, at * 3 (D.Or. Jan.4, 1993) ("The law of the State of Oregon is that a statutory period of limitation described in terms of a 'year' means 365 days, and a year is not extended beyond 365 days because it contains 366 days.") and cases cited therein. Tennessee's use of a calendar year reaches the same result as a state law relying on a day count that allows an additional day in a leap year. In any event, the distinction is irrelevant to this case because a leap year is not involved.
 
 
 13
 Rule 6(a) operates to guarantee an intuitively logical result; unfortunately, it has occasionally confused what should be a simple computation. Some courts have misapplied the counting rule, with irrational results. In Pack v. Proffitt, 463 F.Supp. 761 (E.D.Tenn.1976), the court calculated that a one-year statute of limitations (involving, as here, federal civil rights actions in Tennessee) that was triggered on August 15, 1975 ended on August 16, 1976 due to application of a previous version of Rule 6(a) which was in substance the same as the current version. Pack was not appealed to this court. Although a later Sixth Circuit case cited Pack approvingly, that approval was not based on the Pack court's computation. In Allgood v. Elyria United Methodist Home, 904 F.2d 373 (6th Cir.1990), the court mentioned Pack approvingly for its application of Rule 6(a) to statutes of limitation borrowed from state law; the court did not address the correctness of the Pack court's math. 904 F.2d at 376. We now hold that Pack 's computation was incorrect and serves as an example of the misunderstanding and misapplication of Rule 6(a). Other such miscalculations include: Paynter v. Chesapeake and O. Ry., 60 F.R.D. 153, 157 (W.D.Va.1973) (holding that a three-year statute of limitations that was triggered by an injury on March 19, 1968 did not begin to run until March 20 and that the end of the limitations period therefore fell on March 20, 1971); and Rodriguez v. United States, 382 F.Supp. 1, 2 (D.P.R.1974) (misapplying Rule 6(a) to the computation of six calendar months (not measured by number of days) to move the running of the limitations period forward one day, and holding that June 30, 1973 was the end of a six-month period beginning on December 29, 1972). Cf. Vernell v. United States Postal Serv., 819 F.2d 108, 111-12 (5th Cir.1987) (rejecting the Rodriguez court's counting method as allowing "six months and a day"); Yedwab v. United States, 489 F.Supp. 717, 718 (D.N.J.1980) ("Rodriguez made an incorrect calculation of the six[-]month period.... [It] allows six months plus one day after that for filing....").
 
 
 14
 The source of the confusion is the misinterpretation of Rule 6(a) as delaying the running of the statute of limitations. The rule does not say that a limitations period does not begin to run until the second day; indeed, it specifically refers to "the day of the act, event, or default from which the designated period of time begins to run." Instead, the rule directs that in computing the applicable period, the day of the relevant event is the zero point from which days are to be counted. The rule makes sense only in the context of counting days; the problem it is intended to avoid (i.e., cutting the time too short--for instance, counting October 19, 1994 as "1" and finding the 365th day to be October 18, 1995) should not arise in the computation of calendar months or years, in which individual days are not counted. Applying the rule to "bump" the beginning of a calendar period forward fundamentally misses the purpose of the rule.
 
 
 15
 In this case, the statute of limitations began to run on October 19, 1994; even though that day is excluded from the computation, the one-year period ended on the 365th day and the same calendar date, October 19, 1995. Merriweather's complaint therefore was filed one day late and is barred by the statute of limitations.
 
 
 16
 Merriweather's remaining arguments, that the statute of limitations was tolled until October 20, 1994 or later by the defendants' alleged withholding the identities of the officers involved or engaging in conspiracy and obstruction of justice, are meritless.
 
 
 17
 For the reasons stated above, we AFFIRM the order of the district court dismissing the complaint as time-barred.
 
 
 
 [1]
 The district court analyzed the entire complaint using the same statute of limitations. In federal constitutional tort actions, the court borrows the statute of limitations for personal torts from the state where the claim arose--here, Tennessee. See Hardin v. Straub, 490 U.S. 536, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989)
 
 
 [2]
 Rule 6(a) also excludes a Saturday, Sunday, or legal holiday that falls at the end of the limitations period. A statute of limitations that would run on a Saturday or Sunday would not bar a complaint filed the following Monday; a statute that would run on the Fourth of July would not bar a complaint filed on the next day that was neither a weekend nor a holiday (for instance, Thursday, July 5, or Monday, July 7). Because no weekend or legal holiday fell on October 19, 1995, that part of Rule 6(a) is not relevant to this case
 
 
 [3]
 In that case, May 7 fell on a Saturday, so filing on the following Monday, May 9, was deemed timely. 130 F.R.D. at 379 & n. 1
 
 
 [4]
 The court did not apply Rule 6(a) because at that time the Sixth Circuit distinguished between statutes of limitations that were merely procedural, for which Rule 6(a) was used, and those that were jurisdictional, for which it was not. 614 F.2d at 1119. That distinction was abolished by Bartlik v. United States Dep't of Labor, 62 F.3d 163 (6th Cir.1995) (en banc), so that Rule 6(a) now applies to all statutes of limitations in federal court