NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0152n.06
Filed: February 22, 2006

**No. 04-1852**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| BARBARA SEIDEN | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| V. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| | ) | MICHIGAN AT DETROIT |
| JOHN E. POTTER, | ) | |
| POSTMASTER GENERAL, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |

Before:      ROGERS and SUTTON, Circuit Judges; FORESTER, District Judge.[*]

**FORESTER, District Judge.**  Plaintiff-Appellant Barbara Seiden ("Seiden") appeals the

district court's dismissal of her claims for failure to properly and timely exhaust her administrative

remedies.  In May of 2001, Seiden was employed by the United States Postal Service ("USPS") as

ZIP codes operator when her position was abolished and she was returned to a position of CFS clerk.

Believing that this change was a discriminatory demotion, she sought pre-complaint counseling with

a USPS equal employment opportunity ("EEO") officer, but did not do so within the 45-day time

---

[*]      The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by
designation.

1

frame specified in the applicable regulations. Rather, she made her first contact on August 2, 2001, later explaining that the reason for her delay was that she was "waiting for an accommodation."

The USPS issued a final decision on May 20, 2002, finding that Seiden did not contact an EEO counselor within 45 days of the challenged employment action, as required by the regulations. This final decision also notified Seiden that she had 30 days to appeal the decision through the Office of Federal Operations ("OFO"). Thereafter, Seiden, through counsel, filed an appeal *not* with the OFO as directed, but instead filed a request for a hearing with an ALJ in the Detroit District EEO Commission on June 19, 2002. On October 18, 2002, the OFO issued a final decision dismissing Seiden's appeal as untimely.

After Seiden filed a complaint with the district court, the defendant moved to dismiss her claims for failure to timely exhaust her administrative remedies. The district court granted the defendant-appellee's motion to dismiss, finding that Seiden had not initially contacted a USPS EEO officer until 71 days after the effective date of the challenged personnel action, well outside of the 45-day regulatory deadline. The district court also found that Seiden had failed to timely exhaust her administrative remedies in connection with her appeal to the OFO. It also found that equitable tolling did not apply to Seiden's situation.

In reviewing a district court's grant of a motion to dismiss, this court reviews legal issues *de novo*. *Merriweather v. City of Memphis*, 107 F.3d 396, 398 (6th Cir. 1997). Having carefully considered the record on appeal and the briefs of the parties, we agree that Seiden failed to timely exhaust her administrative remedies. Because the issuance of a full opinion would serve no jurisprudential purpose and would be duplicative, we AFFIRM the district court's grant of the

2

motion to dismiss of the defendant-appellee on the basis of the district court's well-reasoned opinion.